IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | 8:10CV250 |
| | ) | |
| DEWAYNE K. LONG, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Debtor. | ) | |
| | ) | |

      This matter is before the court on the debtor's emergency motion to continue the automatic stay pursuant to Bankruptcy Rule 8005, Filing No. 22; a brief in support, Filing No. 23; and a motion to withdraw as counsel, Filing No. 24.  In addition, this case is ripe and ready for a decision on the merits of the debtor's appeal from the bankruptcy court. The court will grant the motion to withdraw as counsel, noting that new counsel has already appeared on behalf of the debtor.  Filing No. 30.  The court previously granted a continuation of a stay and sent the case to the bankruptcy court for review.  See Filing No. 20.  Thereafter, the bankruptcy court determined that the debtor was not entitled to an automatic stay and treated the motion as one for appeal under Bankruptcy Rule 8005.  Filing No. 21.  The district court reviews the application of law to facts de novo.  This court must accept the findings of fact unless they are clearly erroneous.  *In Re Falcon Products*, 497 F.3d 838, 840-41 (8th Cir. 2007).  This court has jurisdiction pursuant to 28 U.S.C. § 158(a)

      In order to grant a stay pending appeal, the debtor must show why he did not obtain relief from the bankruptcy court.  Federal Rules of Bankruptcy Procedure 8005.  The bankruptcy judge made his reasons very clear.  The bankruptcy court found that the debtor cannot bring his debt within the required debit limits to make him eligible for Chapter 13 relief. Further, the bankruptcy court found the debtor admitted that he does not even own the premises that have been foreclosed in this case.  Any type of challenge in this regard, said the bankruptcy court, must happen in state court.  Finally, the bankruptcy court noted that it gave the debtor an opportunity to convert to another chapter, and the debtor chose not to do so.  For

these reasons, the bankruptcy court concluded that the motion for continuation of the automatic stay should be denied and the Chapter 13 dismissed.

The debtor has objected to these findings. The debtor contends he was entitled to conduct additional discovery to determine if his debt was secured or unsecured. He argues there were insufficient facts in the evidence to support such a finding. The bankruptcy court judge addressed this issue and told the debtor that he felt that the debtor was playing games, particularly because the debtor failed to argue he never signed the promissory notes, and regardless, the debtor still could not demonstrate that he was anything but substantially over the debt limits.[1] The bankruptcy judge then confirmed the balances on the undisputed debts which exceeded the debt limit.

The trustee asks this court to affirm the bankruptcy judge. The trustee contends that on the date this debtor filed the Chapter 13, he had to have owed less than $336,900.00 in unsecured debt and less than $1,010,650.00 in secured debt to qualify for Chapter 13. The Chapter 13 trustee in this case moved to dismiss, because the debtor exceeded both limits. The trustee contends that during the hearing the bankruptcy judge reviewed all the schedules as well as the proofs of claim, and this review clearly showed the debtor was not eligible for a Chapter 13 bankruptcy.

The court has carefully reviewed the record and agrees with the trustee's arguments. The court finds the bankruptcy court was not clearly erroneous and is correct as a matter of law. If a debtor's debts exceed the limits in place at the time of filing, he is not eligible to remain in a Chapter 13. *In Re Ficken*, 2 F.3d 299 (8th Cir. 1993). The claims filed by the debtor show that he had over $1,000,000.00 in unsecured debt, which surpasses the amount allowed in a Chapter 13 at the time he filed. Further, the court agrees that with regard to the secured claims, the debtor did not dispute signing the notes. Further, the debtor has argued that these claims are secured by his residence. However, it is clear when looking at the

---

[1] It appears that copies of the promissory notes were available, but the debtor wanted to discover the originals.

amended schedules that he did not own his house.[2] Because of that fact the bankruptcy judge concluded that debts owed to JPMorgan Chase Bank and to Wells Fargo Bank were also unsecured claims. Those two claims alone totaled over $1,267,710.30. The court agrees that there are sufficient facts for the bankruptcy court to conclude that the debtor is clearly over the limits of a Chapter 13 eligibility. The court further finds that because the debtor is not eligible in the first instance for a Chapter 13, discovery would not change the outcome of the bankruptcy judge's ruling. A bankruptcy court does not decide the merits of a claim until it has first determined eligibility. *Barcal v. Laughlin*, 213 B.R. 1008, 1015 (B.A.P. 8th Cir. 1997). The debtor's appeal is denied. Because the appeal is denied, the motion to continue stay is likewise denied.

THEREFORE, IT IS ORDERED:

1. The motion for continuation of the automatic stay, Filing No. 22, is denied.

2. The motion to withdraw as counsel, Filing No. 24, is granted.

3. The debtor's appeal from the bankruptcy court, Filing No. 1, is denied.

DATED this 18th day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[2] Apparently at some point in time the house was in fact titled in the debtor's name. However, a couple of years before the filing of the bankruptcy the house was titled in the name of a foundation and was no longer titled in the debtor's name.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.